RANDOLPH GAW (S.B. #223718)
  rgaw@gawpoe.com
JOSHUA KO (S.B. #235331)
  jko@gawpoe.com
GAW | POE LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiff NexRep, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXREP, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>ALIPHCOM, a California corporation, doing business as JAWBONE,<br><br>        Defendant. | Case No.: 16-6647<br><br>**COMPLAINT FOR:**<br>(1) Breach of Contract<br>(2) Unjust Enrichment |

Plaintiff NexRep, LLC ("NexRep") hereby makes the following allegations against Defendant AliphCom, doing business as Jawbone ("Jawbone"):

## INTRODUCTION

1.      NexRep commences this action to recover $782,725.00, plus accrued interest, late fees, costs and expense against Defendant Jawbone for the customer services NexRep performed on behalf of Jawbone.

## PARTIES

2.      At all times hereinafter mentioned, NexRep was and is a limited liability company formed under the laws of Delaware.

3.      At all times hereinafter mentioned, Jawbone was and is a company incorporated under the laws of California.

### JURISDICTIONAL STATEMENT

4.      The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship, and the amount in controversy exceeds $75,000.

5.      The Court has general personal jurisdiction over Jawbone because it has had substantial and continuous business contacts with, and it regularly transacts business in, California.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Jawbone's principal place of business is in San Francisco, California.

### FACTUAL ALLEGATIONS

7.      On or about July 29, 2013, NexRep and Jawbone entered into a Master Service Agreement, laying out parameters for a further agreement in which NexRep were to provide certain services specified in Statement of Work. A true and correct copy of said Master Service Agreement (the "MSA") is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

8.      On or about July 29, 2013, NexRep and Jawbone executed Statement of Work in which NexRep were to provide customer services on behalf of Jawbone to Jawbone's actual or potential customers and other end-users of Jawbone's products in exchange for fees.  A true and correct copy of said Statement of Work (the "SOW") is attached hereto as **Exhibit "2"** and incorporated herein by this reference.

9.      NexRep performed all of its duties and obligations under the MSA and SOW, but Jawbone failed to pay for the services it received.  Due to non-payment, NexRep stopped providing customer service on September 12, 2016.  To date, the total outstanding balance is $782,725.00 and despite numerous demands, Jawbone has refused and continues to refuse to pay the same.  A true and correct copy of the statement dated November 3, 2016 is attached hereto as **Exhibit "3"** and incorporated herein by this reference.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT
**(Against All Defendants)**

10.     NexRep realleges and incorporates the allegations set forth in all the preceding paragraphs as if set forth in full herein.

11.     Under the SOW, Jawbone was to pay NexRep for the customer services provided on behalf of Jawbone to Jawbone's actual or potential customers and other end-users of Jawbone's products for a period of three (3) years.

12.     NexRep performed its duties and obligations under the MSA and SOW and billed Jawbone for the services NexRep performed.

13.      NexRep made numerous demands upon Jawbone to pay the sum that is past due, owing and unpaid, but Jawbone has refused, and continue to refuse, to pay the same, all to NexRep's damage.

14.     NexRep has performed and satisfied each and every condition or has been excused from performing its obligations to be performed under the MSA and the SOW.

15.     The MSA provides that in the event legal action is necessary, a prevailing party shall pay costs and expenses including attorney's fees.  NextRep has been obliged to employ the legal counsel to commence this action for collection of monies due.  NexRep is therefore contractually entitled to its attorney's fees.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT
**(Against All Defendants)**

16.     NexRep realleages and incorporates the allegations set forth in all the preceding paragraphs as if set forth in full herein.

17.     Jawbone has received the benefits of NexRep's service as set forth above.

18.     In furnishing said services, NexRep was not acting as a volunteer, and Jawbone has accepted the benefits of that which NexRep has furnished without paying for said service.

19.     Therefore, Jawbone has been unjustly enriched and further, it would be inequitable for Jawbone to be allowed to retain the benefits of NexRep's service without being ordered to pay a sum of $782,725.00.

**PRAYER**

**WHEREFORE**, Plaintiff NexRep, LLC prays for judgment as follows:

1.      For judgment against Defendant AliphCom;

2.      For compensatory damages;

3.      For restitution pursuant to principles of unjust enrichment;

4.      For attorney's fees;

5.      For pre-judgment interest;

6.      For costs; and

7.      For such other and further relief as the Court deems just and proper.


Dated:  November 16, 2016                 GAW | POE LLP


                                          By: _____
                                              Randolph Gaw
                                              Attorneys for Plaintiff
                                              NEXREP LLC

COMPLAINT
CASE NO. 16-6647