UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXREP, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ALIPHCOM,<br><br>    Defendant. | Case No. 16-cv-06647-JSC<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION** |

Plaintiff NexRep, LLC filed this action alleging breach of contract and unjust enrichment against Defendant Aliphcom, d.b.a. Jawbone on November 16, 2016.  (Dkt. No. 1.)  Now pending before the Court is Plaintiff's motion for default judgment.  (Dkt. No. 16.)

When a party seeks entry of default judgment, courts have a duty to examine their own jurisdiction—both subject matter and personal.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Indeed, at all times the Court has an independent responsibility to ensure it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented . . . .  Subject-matter jurisdiction can never be waived or forfeited") (internal citation omitted).  Plaintiff asserts the Court has jurisdiction over Plaintiff's claims based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Diversity jurisdiction requires that "the parties be in complete diversity and the amount in controversy exceed $75,000."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004).  Further, the party asserting

diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961).

Here, NexRep is a limited liability company ("LLC") organized and existing under the laws of the State of Delaware, and Jawbone is a California corporation with its principal place of business in California. (Dkt. No. 16-2 ¶¶ 2-3.) Generally, an LLC is a "citizen of every state in which its members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). However, Plaintiff has failed to include any allegations as to the citizenship of its members.

Accordingly, Plaintiff is ORDERED to SHOW CAUSE as to the citizenship of its members. Plaintiff shall file a written response to the Court's Order by March 3, 2017.

**IT IS SO ORDERED.**

Dated: February 24, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge